IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02-30042 |
| ) | |
| MARK K. VINCENT, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on limited remand from the United States Court of Appeals for the Seventh Circuit.

I. FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2002, following a jury trial, Defendant Mark K. Vincent was found guilty on the eight remaining counts in the indictment, which included four counts of wire fraud, in violation of 18 U.S.C. § 1343; two counts of mail fraud, in violation of 18 U.S.C. § 1341; and two counts of making false statements to obtain a loan, in violation of 18 U.S.C. §

1

1014.

On August 18, 2003, the Court sentenced the Defendant to a term of 46 months' imprisonment on each count, to be served concurrently. This was in the middle of the Sentencing Guideline range of 41 to 51 months, which was based on a total offense level of 22 and a criminal history category of I. The Defendant was also sentenced to five years of supervised release on counts 8 and 9 and three years of supervised release on the remaining counts, to be served concurrently. The Defendant was ordered to pay restitution to the victims of his fraudulent scheme in the total amount of $684,475.97. He was also ordered to pay an $800.00 special assessment. The Defendant filed a timely notice of appeal.

While the Defendant's appeal was pending, the Supreme Court decided United States v. Booker, __ U.S. __, 125 S. Ct. 738. In Booker, the Court held that although the Sentencing Guidelines are no longer mandatory, the Guidelines still play a very important role and must be considered by courts prior to imposing sentence. See Booker, __ U.S. __, 125 S. Ct. at 767. On July 25, 2005, the Seventh Circuit affirmed the

Defendant's convictions, but retained jurisdiction of the appeal and ordered a limited remand of his sentence pursuant to the procedures set forth in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005).

In Paladino, the Seventh Circuit concluded that if it could not be determined from the record whether the district judge would have imposed the same sentence under an advisory system, that court would retain jurisdiction of the appeal and order a limited remand to permit the sentencing court to determine whether it would, if required to re-sentence, re-impose the original sentence. 401 F.3d at 484. Pursuant to Paladino, the Court solicited the views of counsel for the parties. The parties have now filed their position papers.

## II. ANALYSIS

As the Court previously noted, the Sentencing Guidelines continue to play an important role in sentencing and must be considered before sentence is imposed. See Booker, __ U.S. __, 125 S. Ct. at 767. In addition to the applicable Sentencing Guideline range, courts are also required to

consider other sentencing goals noted in 18 U.S.C. § 3553(a).[1]  See id. at 764-65.

In the Defendant's position paper, he notes that the Sentencing Order in this case shows that the Court viewed the Guidelines as mandatory. Moreover, the Defendant's sentence was enhanced based on facts not found by the jury, including findings as to the amount of loss and obstruction of justice.

The Defendant also notes that the Court did not consider his addiction to alcohol and rehabilitation, family ties and responsibilities, and community activities prior to imposing sentence. The Defendant claims that while the Court noted sympathy for his familial situation and praise for

---

[1] These statutory concerns include the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent guidelines policy statement; (6)the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

his "laudable" community commitments, the Court determined that the circumstances were "not so unusual as to justify a downward departure" from the range required under the then-mandatory guidelines.

Based on the foregoing, the Defendant submits that the Court would have imposed a lower sentence had the guidelines not been mandatory. Accordingly, the Defendant asks the Court to certify to the Seventh Circuit that it would have imposed a lower sentence and, upon remand, impose a lower sentence consistent with 18 U.S.C. § 3553(a).

The Government contends that the sentence imposed was appropriate and reasonable. The Government notes that in addressing the Defendant's objections to the PSR, the Court carefully reviewed the record and properly calculated the Guidelines. Moreover, the range of 41 to 51 months properly took into account important sentencing factors, such as the amount of loss, the Defendant's abuse of his position of trust, and the Defendant's perjury at trial. Additionally, the range reflected that the Defendant did not take responsibility for his criminal conduct, instead deciding to go to trial. Accordingly, the sentence was both fair and consistent with other sentences

imposed upon similarly situated offenders across the country. Finally, the Government asserts that the sentence of 46 months is consistent with the factors noted in 18 U.S.C. § 3553(a). Accordingly, the Government requests that the Court adhere to the original sentence imposed in this case as both appropriate and reasonable.

After carefully considering the arguments of the parties and the record, including the applicable Sentencing Guideline range and the factors noted in 18 U.S.C. § 3553(a), the Court concludes that a sentence of 46 months in prison, five years of supervised release, restitution in the amount of $684,475.97, and an $800.00 special assessment is an appropriate sentence. In determining that the sentence previously imposed remains the appropriate sentence, the Court has deemed particularly relevant factors such as the seriousness of the Defendant's criminal conduct, the need to provide just punishment and the need to afford adequate deterrence. These factors weigh heavily toward adhering to the sentence already imposed.

Ergo, the Court finds that the additional discretion afforded by Booker would not have had any impact on the Defendant's sentence. The Court

sentenced the Defendant to 46 months' imprisonment; five years of supervised release on two counts and three years of supervised release on the remaining counts, to run concurrently; restitution in the amount of $684,475.97; and a special assessment of $800.00. The Court would have imposed the same sentence even with the discretion afforded by Booker. The Clerk is directed to return the case, along with a copy of this Opinion, to the United States Court of Appeals for the Seventh Circuit.

ENTER: September 27, 2005

        FOR THE COURT:

                      s/Richard Mills
                      United States District Court